**Cecily MURPHY, Edward Murphy,**

v.

**BARBERINO BROTHERS, INC.**

**No. CIV. 3:00CV2172 (AHN).**

United States District Court, D. Connecticut.

Oct. 31, 2001.

Bernard T. Kennedy, Branford, CT, Michael W. Kennedy, Jayne F. Kennedy, for plaintiffs.

Donald P. Guerrini, Glastonbury, CT, for defendant.

*RULING ON MOTIONS FOR SANCTIONS AND TO COMPEL*

FITZSIMMONS, United States Magistrate Judge.

This is a Truth In Lending Act violation case arising out of two consumer credit transactions with defendant Barberino Brothers, Inc. for the purchase of two cars by plaintiffs.[1] Pending are plaintiffs' Motions for Sanctions and to Compel [Doc. ## 18, 24], seeking costs and attorneys fees incurred at the Fed.R.Civ.P. 30(b)(6) deposition of defendant's designee, Manny Gonzalez, and incurred in bringing this motion. Plaintiff further seeks an order of the court compelling Mr. Gonzalez to answer the same set of questions at a second deposition, and leave to continue questioning Mr. Gonzalez. Oral argument was held on October 15, 2001.

---

1. Plaintiffs also allege violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), the Connecticut Truth in Lending Act and the Motor Vehicle Information and Cost Saving Act. [Doc. # 21].

Plaintiffs' Motions for Sanctions and to Compel [Doc. # 18, 24] are **DENIED** for failure to comply with D. Conn. L. Civ. R. 9(d)(2). This Court refers plaintiff's counsel to Rule 9(d)(2) and strongly urges counsel to study this rule and follow it in the future. This rule serves an important purpose, namely to conserve the scarce resources of the Court and to encourage counsel to engage in a good faith effort to eliminate or reduce areas of controversy and to resolve disputes of this nature between themselves. Not only did plaintiffs fail to append an affidavit in compliance with D. Conn. L. Civ. R. 9(d)(2), but at oral argument plaintiffs' counsel indicated that he did not even attempt to resolve these issues prior to filing the motion, or subsequently. In bringing these motions and failing to follow Rule 9(d)(2), plaintiffs' counsel has wasted the time of this Court and defense counsel and has incurred unnecessary attorneys' fees and costs for his client and defendant.

Before this Court will consider extending the expired discovery deadline, plaintiffs are directed to submit any outstanding interrogatories and requests for production to defendant in advance of any further depositions. Counsel must confer and submit, on or before November 21, a proposed joint scheduling order for the taking of all remaining depositions and the completion of discovery. Discovery closed on September 15, 2001. The Court notes that plaintiffs failed to file a timely motion for extension of this discovery cut-off.

The parties are strongly encouraged to discuss any remaining issues and make an effort to resolve or narrow their disputes before seeking court intervention. The parties will attend the next discovery day on November 29, 2001, unless they file a proposed joint scheduling order indicating their disputes are resolved. If no agreement is reached, counsel will file separate proposed scheduling orders along with letters outlining their respective positions on or before November 21, 2001 and the Court will set a schedule at the hearing.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.